UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:21-cv-10986

JASMINE HUFFMAN, JUSTIN ACKERS, CAITLYN HALL, and BENJAMIN CHAMBERS-MAHER

    Plaintiffs,

v.

CITY OF BOSTON, and MICHAEL BURKE, EDWARD JOSEPH NOLAN, and MICHAEL J. MCMANUS, in their individual capacities,

    Defendants.

**DEFENDANT EDWARD JOSEPH NOLAN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS COUNT TWO OF PLAINTIFFS' FIRST AMENDED COMPLAINT AGAINST HIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## I. INTRODUCTION

Defendant Edward Joseph Nolan ("Officer Nolan") respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count II of Plaintiffs' First Amended Complaint ("Complaint") against him. As grounds therefor, Officer Nolan states that Count II (First Amendment Violation) is insufficiently pled because it merely sets forth conclusory allegations without any factual support.

## II. FACTS AND BACKGROUND[1]

Plaintiff's Complaint contains the following three causes of action: (1) 42 U.S.C. § 1983 Claims Against Defendants Burke, Nolan and McManus: Unreasonable Use of Force; (2) 42

---

[1] For the limited purposes of the instant motion, the City accepts the nonconclusory facts alleged in the Amended Complaint as true.

U.S.C. § 1983 Claim Against Defendants Burke, Nolan and McManus: First Amendment Violation; and (3) 42 U.S.C. § 1983 Claim Against Defendant City of Boston.

As alleged in the Complaint against Officer Nolan, the Plaintiffs attended a protest in downtown Boston on May 31, 2020.  Complaint, ¶ 16.  Following the protest, at approximately 9:30 to 9:45 p.m., Plaintiff Caitlyn Hall was in Downtown Crossing on Washington Street, near the Primark Store.  Id. at ¶ 48.  Hall was trying to return home, but she could not leave because the MBTA had closed the T stations in the area.  Id. at ¶¶ 49–50.

Hall saw Officer Nolan about to use his riot baton to strike a young man who was standing next to Hall recording Officer Nolan with his phone.  Id. at ¶ 51.  The young man said to Officer Nolan, "You look like you want to hit me."  Id. at ¶ 52.  Officer Nolan then began to strike the man's head.  Id.  When Hall used her hands to protect the young man's face from the blow, Officer Nolan turned to her.  Id. at ¶¶ 52–53.  He held his riot baton in both hands and struck Hall in the face.  Id. at ¶ 54.  Hall fell, hitting her head on the pavement and briefly losing consciousness.  Id. at ¶¶ 55, 57.  The baton blow has caused Hall's tooth to puncture her lip.  Id. at ¶ 56.  When Hall regained consciousness, she showed Officer Nolan her injury.  Id. at ¶ 58.  Officer Nolan then hit her in the chest.  Id.  As Hall walked away from him, Officer Nolan hit her on the back.  Id.  Hall was not arrested or charged with a crime.  Id. at ¶ 64.

Following this incident, Hall walked to Massachusetts General Hospital, where she had a CT scan and received a stitch on her lip.  Id. at ¶ 65.  Later, Hall called a BPD number to file an internal affairs complaint.  Id. at ¶ 66.  She was told that she could only file a complaint in person.  Id.  According to the Complaint, this "false information" discouraged Hall from filing a complaint, as she did not want to go to a police station.  Id. at ¶ 67.  The Complaint alleges that unbeknownst to Ms. Hall, a civilian witness filed an internal affairs complaint against Officer

Nolan for his assault on Hall, but the Boston police investigators were unable to identify Hall. Id. at ¶ 68.

The Complaint alleges that Officer Nolan used unreasonable force against Hall "because of the content of the protest." See id. at ¶ 130. According to the Complaint, Officer Nolan and other police officers felt that the protestors "were protesting against police officers rather than against police officers who abused their authority." See id.

### III.   ARGUMENT

#### A.   Standard of Review.

A complaint or count therein must be dismissed where it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court is obliged to accept the Plaintiffs' well-pleaded facts as they appear, granting every reasonable inference in their favor. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). However, this tenet does not apply to legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). Mere recitals of the element of a cause of action, supported only by conclusory statements, do not suffice. See id. (Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545 (citations omitted). A plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). "Although pleading standards are minimal, the First Circuit requires more than conclusions or subjective characterizations." Columbus v.

Biggio, 76 F. Supp. 2d 43, 52 (D. Mass. 1999) citations and quotations omitted).  A complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." Twombly, 550 U.S. at 557 (quotations omitted).  "Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).  As discussed below, Plaintiffs' claims against the City should be dismissed for failing to meet the Twombly pleading requirements.

> **B.    Count II Must Be Dismissed Because the Plaintiffs Have Failed to Properly Plead That Officer Nolan Committed a First Amendment Violation.**

To prevail on their free speech claims, the plaintiffs must prove the following elements: (1) they have an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by the plaintiffs' exercise of that right; and (3) defendants' actions effectively chilled the exercise of the plaintiffs' First Amendment rights.  See Curley v. Village of Suffern, 268 F.3d 65, 73 (2d. Cir. 2001).  With respect to the second element, the First Circuit has held that a plaintiff must show that "the officer's intent or desire to curb the expression was the *determining* or *motivating* factor in [taking action against the plaintiff], in the sense that the officer would not have [taken action against the plaintiff] 'but for' that determining factor."  See Tatro v. Kervin, 41 F.3d 9, 18 (1st. Cir. 1994) (emphasis in original).

The First Amendment claim against Officer Nolan fails because the Complaint contains no allegations that Officer Nolan intended to curb Hall's First Amendment expression, much less that this intent was the "determining or motivating factor" in striking her with a riot baton.  See Tatro, 41 F.3d at 18.  The substance of the allegations against Officer Nolan are that following the protest, Plaintiff Hall was standing in Downtown Crossing trying to get home.  Complaint,

4

¶ 48–49.  When Hall saw Officer Nolan begin to strike a young man's head with his riot baton, she used her hands to protect the man's face from the blow, at which point Officer Nolan struck her in the face.  Id. at ¶¶ 51–54.  Hall fell to the ground, and when she stood up to show Officer Nolan her injuries, he hit her two more times.  Id. at ¶¶ 55–58.  Nowhere does the Complaint allege that Officer Nolan targeted Hall because of her exercise of her First Amendment rights, or that he was even aware that Hall had attended the protest.  There are no allegations that Officer Nolan witnessed Hall protest or knew of her speech.  The Plaintiffs' conclusory and factually unsupported assertions that the police officer defendants "felt Plaintiffs and the other protesters were protesting against police officers rather than against police officers who abused their authority" and that they "used unreasonable force against Plaintiffs because of the content of their protest," Complaint, ¶ 130, are not sufficient to state a claim for which relief can be granted.  See Twombly, 550 U.S. at 545.  Accordingly, the First Amendment claim against Officer Nolan should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the defendant Edward Joseph Nolan respectfully requests that this Honorable Court dismiss Count II of Plaintiffs' Complaint against him, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

Defendant,
Edward Joseph Nolan
By his attorneys,

Henry C. Luthin
Corporation Counsel


/s/ *Randall Maas*
Erika Reis BBO# 669930
Senior Assistant Corporation Counsel
Nieve Anjomi BBO# 651212
Senior Assistant Corporation Counsel
Randall Maas BBO#684832
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4034
Erika.Reis@boston.gov
Nieve.Anjomi@boston.gov
Randall.Maas@boston.gov


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 1, 2021


| September 1, 2021 | /s/ *Randall Maas* |
|---|---|
| Date | Randall Maas |