UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:21-cv-10986

JASMINE HUFFMAN, JUSTIN ACKERS, CAITLYN HALL, and BENJAMIN CHAMBERS-MAHER

Plaintiffs,

v.

CITY OF BOSTON, and MICHAEL BURKE, EDWARD JOSEPH NOLAN, and MICHAEL J. MCMANUS, in their individual capacities,

Defendants.

**DEFENDANT MICHAEL J. McMANUS'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS COUNT TWO OF PLAINTIFFS' COMPLAINT AGAINST HIM PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## I.  INTRODUCTION

Defendant Michael J. McManus ("Officer McManus") respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count II of Plaintiffs' Complaint against him. As grounds therefor, Officer McManus states that Count II (First Amendment Violation) is insufficiently pled because it merely sets forth conclusory allegations without any factual support.

## II.  FACTS AND BACKGROUND[1]

Plaintiff's Complaint contains the following three causes of action: (1) 42 U.S.C. § 1983 Claims Against Defendants Burke, Nolan and McManus: Unreasonable Use of Force; (2) 42

---

[1] For the limited purposes of the instant motion, the City accepts the nonconclusory facts alleged in the Amended Complaint as true.

1

U.S.C. § 1983 Claim Against Defendants Burke, Nolan and McManus: First Amendment Violation; and (3) 42 U.S.C. § 1983 Claim Against Defendant City of Boston.

As alleged in the Complaint against Officer McManus, the Plaintiffs attended a protest in downtown Boston on May 31, 2020.  Complaint, ¶ 16.  Following the protest, at approximately 9:39 p.m., Plaintiff Chambers-Maher was walking on Tremont Street between Boylston Street and Stuart Street, trying to reach his car in the North End so he could drive home.  Id. at ¶¶ 72–73.  At that point, Chambers-Maher was approached by Officer McManus and another BPD officer.  Id. at ¶¶ 74–75.  The officers had weapons pointed at Chambers-Maher, so he walked away backwards, keeping the officers in view and filming them.  Id. at ¶ 75.  Officer McManus twice sprayed Chambers-Maher in the face with OC spray.  Id. at ¶ 76.  Officer McManus also called Chambers-Maher names and used his police bicycle to hit Chambers-Maher in the legs.  Id. at ¶¶ 76, 80.  Chambers-Maher was not arrested or charged with a crime.  Id. at ¶ 81.

Later, Chambers-Maher filed an internal affairs complaint.  Id. at ¶ 86.  He was interviewed by internal affairs in July 2020.  Id.  The questioning was designed to make him feel like he was at fault.  Id.  Chambers-Maher has not received any notice that the investigation has been resolved.  Id. at ¶ 87.

The Complaint alleges that Officer McManus used unreasonable force "because of the content of the protest."  Id. at ¶ 130.  According to the Complaint, Officer McManus and other police officers felt that the protestors "were protesting against police officers rather than against police officers who abused their authority."  Id.

**III.    ARGUMENT**

    **A.    Standard of Review.**

A complaint or count therein must be dismissed where it fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court is obliged to accept the Plaintiffs' well-pleaded facts as they appear, granting every reasonable inference in their favor.  See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  However, this tenet does not apply to legal conclusions.  See Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  Mere recitals of the element of a cause of action, supported only by conclusory statements, do not suffice.  See id. (Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 545 (citations omitted).  A plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory."  Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).  "Although pleading standards are minimal, the First Circuit requires more than conclusions or subjective characterizations."  Columbus v. Biggio, 76 F. Supp. 2d 43, 52 (D. Mass. 1999) citations and quotations omitted).  A complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement."  Twombly, 550 U.S. at 557 (quotations omitted).  "Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation."  Martinez v.

3

Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).  As discussed below, Plaintiffs' claims against the City should be dismissed for failing to meet the Twombly pleading requirements.

### B. Count II Must Be Dismissed Because the Plaintiffs Have Failed to Properly Plead That Officer McManus Committed a First Amendment Violation.

To prevail on their free speech claims, the plaintiffs must prove the following elements: (1) they have an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by the plaintiffs' exercise of that right; and (3) defendants' actions effectively chilled the exercise of the plaintiffs' First Amendment rights.  See Curley v. Village of Suffern, 268 F.3d 65, 73 (2d. Cir. 2001).  With respect to the second element, the First Circuit has held that a plaintiff must show that "the officer's intent or desire to curb the expression was the determining or motivating factor in [taking action against the plaintiff], in the sense that the officer would not have [taken action against the plaintiff] 'but for' that determining factor."  See Tatro v. Kervin, 41 F.3d 9, 18 (1st. Cir. 1994).

The First Amendment claim against Officer McManus fails because the Complaint contains no allegations that Officer McManus intended to curb Chambers-Maher's First Amendment expression, much less that this intent was the "determining or motivating factor" in spraying him with OC spray.  See Tatro, 41 F.3d at 18.  The substance of the allegations against Officer McManus are that following the protest, Plaintiff Chambers-Maher was walking on Tremont Street, trying to get to his car parked in the North End, when he was approached by Officer McManus and another police officer.  Complaint, ¶¶ 72–75.  As Chambers-Maher backed away from the officers, Officer McManus sprayed him twice in the face with OC spray and hit Chambers-Maher in the legs with his bicycle.  Id. at ¶¶ 75–80.  Nowhere does the Complaint allege that Officer McManus targeted Chambers-Maher because of his exercise of his First Amendment rights, or that he was even aware that Chambers-Maher had attended the

4

protest.  There are no allegations that Officer McManus witnessed Chambers-Maher protest or knew of his speech.  The Plaintiffs' conclusory and factually unsupported assertions that the police officer defendants "felt Plaintiffs and the other protesters were protesting against police officers rather than against police officers who abused their authority" and that they "used unreasonable force against Plaintiffs because of the content of their protest" (Complaint, ¶ 130), are not sufficient to state a claim for which relief can be granted.  See Twombly, 550 U.S. at 545.  Accordingly, the First Amendment claim against Officer McManus should be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the defendant Michael J. McManus respectfully requests that this Honorable Court dismiss Count II of Plaintiffs' Complaint against him, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

Defendant,
City of Boston
By its attorneys,

Henry C. Luthin
Corporation Counsel

/s/ Randall Maas
Erika Reis BBO# 669930
Senior Assistant Corporation Counsel
Nieve Anjomi BBO# 651212
Senior Assistant Corporation Counsel
Randall Maas BBO# 684832
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4034
Erika.Reis@boston.gov

Nieve.Anjomi@boston.gov
Randall.Maas@boston.gov

### **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on September 1, 2021

| | |
|---|---|
| 9/1/2021 | /s/ *Randall Maas* |
| Date | Randall Maas |