UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.1:21-cv-10986

JASMINE HUFFMAN, JUSTIN ACKERS, CAITLYN HALL, and BENJAMIN CHAMBERS-MAHER

Plaintiffs,

v.

CITY OF BOSTON, and MICHAEL BURKE, EDWARD JOSEPH NOLAN, and MICHAEL J. MCMANUS, in their individual capacities,

Defendants.

### DEFENDANT MICHAEL BURKE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS COUNT TWO OF PLAINTIFFS' COMPLAINT AGAINST HIM PURSUANT TO FED. R. CIV. P. 12(B)(6)

### I. INTRODUCTION

Defendant Michael Burke ("Officer Burke") respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Count II of Plaintiffs' Complaint against him. As grounds therefor, Officer Burke states that Count II (First Amendment Violation) is insufficiently pled because it merely sets forth conclusory allegations without any factual support.

### II. FACTS AND BACKGROUND[1]

Plaintiff's Complaint contains the following three causes of action: (1) 42 U.S.C. § 1983 Claims Against Defendants Burke, Nolan and McManus: Unreasonable Use of Force; (2) 42

---

[1] For the limited purposes of the instant motion, the City accepts the nonconclusory facts alleged in the Amended Complaint as true.

1

U.S.C. § 1983 Claim Against Defendants Burke, Nolan and McManus: First Amendment Violation; and (3) 42 U.S.C. § 1983 Claim Against Defendant City of Boston.

As alleged in the Complaint against Officer Burke, the Plaintiffs attended a protest in downtown Boston on May 31, 2020.  Complaint, ¶ 16.  At approximately 10:08 p.m., Plaintiff Ackers was preparing to go home.  Id. at ¶ 21.  He was on his moped at Tremont Street near Park Street.  Id.  As he turned his moped to go home, Mr. Ackers was blindsided and knocked to the ground.  Id. at ¶ 22.  Officer Burke held his wooden baton riot in front of him with both hands and struck Ackers from behind, knocking him off his moped.  Id. at ¶ 23.  After Ackers was knocked down, police ordered him to leave the area, but they would not let him take his moped.  Id. at ¶ 24.  Ackers was not arrested or charged with a crime.  Id. at ¶ 31.

At about 10:44 p.m., Plaintiff Huffman was on the Boston Common near the Park Street T station.  Id. at ¶ 34.  A group of police officers marching in formation approached her with their riot batons in front of them; Officer Burke was in the first line of police officers.  Id.  Huffman stood with her hands up as the officers approached.  Id. at ¶ 35.  Officer Burke stepped forward and struck Huffman with his riot baton, hitting her just below her neck and knocking her to the pavement.  Id.  When he struck Huffman, Officer Burke held his riot baton out in front of his body with both hands, as he did when he struck Ackers about half an hour earlier.  Id. at ¶ 37.  Huffman's head hit the pavement.  Id. at ¶ 38.  After Huffman was on the ground other Boston police officers walked over her; some of the officers stepped on her hands.  Id. at ¶ 39.  Huffman was not arrested or charged with a crime.  Id. at ¶ 42.

Later, Huffman filed an internal affairs complaint.  Id. at ¶ 46.  She was interviewed by internal affairs in June 2020.  Id.  The questioning was designed to make her feel like she was at fault.  Id.  Huffman was told that the internal investigation is not complete.  Id. at ¶ 47.

The Complaint alleges that Officer Burke used unreasonable force "because of the content of the protest." Id. at ¶ 130. According to the Complaint, Officer Burke and other police officers felt that the protestors "were protesting against police officers rather than against police officers who abused their authority." Id.

### III.     ARGUMENT

#### A.     Standard of Review.

A complaint or count therein must be dismissed where it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court is obliged to accept the Plaintiffs' well-pleaded facts as they appear, granting every reasonable inference in their favor. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). However, this tenet does not apply to legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). Mere recitals of the element of a cause of action, supported only by conclusory statements, do not suffice. See id. (Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545 (citations omitted). A plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). "Although pleading standards are minimal, the First Circuit requires more than conclusions or subjective characterizations." Columbus v. Biggio, 76 F. Supp. 2d 43, 52 (D. Mass. 1999) citations and quotations omitted). A complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement."

Twombly, 550 U.S. at 557 (quotations omitted). "Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). As discussed below, Plaintiffs' claims against the City should be dismissed for failing to meet the Twombly pleading requirements.

### B. Count II Must Be Dismissed Because the Plaintiffs Have Failed to Properly Plead That Officer Burke Committed a First Amendment Violation.

To prevail on their free speech claims, the plaintiffs must prove the following elements: (1) they have an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by the plaintiffs' exercise of that right; and (3) defendants' actions effectively chilled the exercise of the plaintiffs' First Amendment rights. See Curley v. Village of Suffern, 268 F.3d 65, 73 (2d. Cir. 2001). With respect to the second element, the First Circuit has held that a plaintiff must show that "the officer's intent or desire to curb the expression was the determining or motivating factor in [taking action against the plaintiff], in the sense that the officer would not have [taken action against the plaintiff] 'but for' that determining factor." See Tatro v. Kervin, 41 F.3d 9, 18 (1st. Cir. 1994); see also Nieves v. Bartlett, 139 S. Ct. 1715, 1722 (2019) ("It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.").

The First Amendment claim against Officer Burke fails because the Complaint contains no allegations that Officer Burke intended to curb the First Amendment expression of either Ackers or Huffman, much less that this intent was the "determining or motivating factor" in striking them with his riot Baton. See Tatro, 41 F.3d at 18. The substance of the allegations

against Officer Burke are that he struck Plaintiff Ackers with a riot baton as Ackers was turning his moped to go home, and that he struck Plaintiff Huffman with a riot baton while she stood with her hands up, facing a group of police officers marching in formation toward her. Complaint, ¶¶ 21–23, 34–36.  Nowhere does the Complaint allege that Officer Burke targeted Ackers or Huffman because of the exercise of their First Amendment rights, or that he was even aware that they had attended the protest.  There are no allegations that Officer Burke witnessed either Ackers or Huffman protest or knew of their speech.  In their opposition to the motions to dismiss filed by the other officers, the Plaintiffs argued that "it was open and obvious that Plaintiffs were present at and participating in a protest against police misconduct." (Dkt. No. 33, at 7).  But this was not at all "open and obvious" given that, by Plaintiffs' own admission, the protest had already ended at the time of the alleged violations.  Complaint, ¶¶ 106, 108.  Indeed, Ackers was going home when he was allegedly struck by Officer Burke, and the incident with Huffman happened more than half an hour after the incident with Ackers.  Id. at ¶¶ 21–22, 34.  It cannot be the case that any police use of force against any individual who happened to be in the area of the Boston Common at any time on the evening of May 31, 2020, was a First Amendment violation.

      Finally, the Plaintiffs' conclusory and factually unsupported assertions that the police officer defendants "felt Plaintiffs and the other protesters were protesting against police officers rather than against police officers who abused their authority" and that they "used unreasonable force against Plaintiffs because of the content of their protest" (Complaint, ¶ 130), are not sufficient to state a claim for which relief can be granted.  See Twombly, 550 U.S. at 545. Accordingly, the First Amendment claim against Officer Burke should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the defendant Michael Burke respectfully requests that this Honorable Court dismiss Count II of Plaintiffs' Complaint against him, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

Defendant,
City of Boston
By its attorneys,

Adam Cederbaum
Corporation Counsel

/s/ *Randall Maas*
Erika Reis BBO# 669930
Senior Assistant Corporation Counsel
Nieve Anjomi BBO# 651212
Senior Assistant Corporation Counsel
Randall Maas BBO# 684832
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4034
Erika.Reis@boston.gov
Nieve.Anjomi@boston.gov
Randall.Maas@boston.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 29, 2021

11/29/2021                                  /s/ *Randall Maas*
Date                                         Randall Maas