UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JASMINE HUFFMAN, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF BOSTON, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 21-10986-ADB |

ORDER WITH RESPECT TO DEPOSITIONS
[Docket No. 87, 95]

December 19, 2023

Boal, M.J.

On November 22, 2023, Plaintiffs Jasmine Huffman, Justin Ackers, Caitlyn Hall, and Benjamin Chambers-Maher (collectively "Plaintiffs") moved for leave to depose twenty-five witnesses in this case. Docket No. 87. Defendants City of Boston, Michael Burke, Edward Nolan, and Michael McManus (collectively "Defendants") oppose the motion. Docket No. 96.

On December 6, 2023, Defendants moved for a protective order with respect to the depositions of Commissioner Cox and Mayor Wu, which Plaintiffs opposed.[1] Docket Nos. 95, 99.[2] This Court heard oral argument on December 13, 2023.

On December 20, 2022, Judge Burroughs issued a scheduling order that permitted twenty

---

[1] Plaintiffs oppose the motion, in part, on the basis that the Defendants failed to fulfill their conferral obligations as required by Local Rule 7.1. In addition, this Court notes that Judge Burroughs directed the parties to confer about the need for additional depositions. Docket No. 60 at 2. This Court, however, prefers to rule on the merits, rather than on procedural failures, and declines to deny the motion on this basis.

[2] On December 6, 2023, Judge Burroughs referred both motions to the undersigned. Docket No. 97.

1

depositions inclusive of those of the individual plaintiffs and defendants with leave to move for additional depositions if the need was justified.  The order authorized ten more depositions than the presumptive limit imposed by Rule 30 of the Federal Rules of Civil Procedure.  As of November 22, 2023, Plaintiffs had taken fifteen depositions and noticed five more. Docket No. 88 at 3-4.  In support of their Monell claim, Plaintiffs seek an additional five depositions, including the depositions of Boston Police Commissioner Michael Cox, Boston Police Lieutenant Gary Eblan, and Mayor Michelle Wu.  Id. at 5.[3]

In pertinent part, Rule 30(a)(2) provides that: "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the parties have not stipulated to the deposition . . . and the deposition would result in more than 10 depositions being taken under this rule . . . by the plaintiffs, or by the defendants . . . ." Fed. R. Civ. P. 30(a)(2)(A). The party requesting additional depositions "bears the burden of showing a need for the discovery." Linhares v. Woods Hole, Martha's Vineyard, & Nantucket Steamship Auth., No. 1:20-CV-12035-IT, 2022 WL 17736800, at *7 (D. Mass. Dec. 16, 2022) (citation omitted). "Another session of this court has explained that the purpose of the limitation in the rule is to force counsel to think long and hard about who they want to depose and to depose only those who are really important, so as to stay within the limit set by the rule . . . . courts should not freely grant relief from the limits without a showing of need." Yourga v. City of Northampton, No. CV 16-30167-MGM, 2018 WL 1053532, at *3 (D. Mass. Feb. 26, 2018) (alteration in original) (citation and quotation marks omitted). "A court must limit the frequency

---

[3] In their memorandum opposing Plaintiffs' request for twenty-five depositions, the Defendants specifically object to the deposition of Lieutenant Eblan.  Docket No. 96 at 4.  However, they have only sought a protective order with respect to Cox and Wu.  At oral argument, when asked, the Defendants' attorney offered no explanation for this discrepancy.  Because Defendants have not moved for a protective order for Eblan, this Court will not consider any such relief.

of discovery when the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other more convenient, less burdensome or less expensive source or when the proposed discovery is otherwise outside the scope permitted by Rule 26(b)(2)." Id.

In addition, the calling of high ranking government officials as witnesses is strongly discouraged.  In Bogan, the First Circuit found that the "need for limited access to high government officials through the discovery process is well established." Bogan v. City of Boston, 489 F.3d 417, 423 (1ˢᵗ Cir. 2007).  "This rule is based on the notion that high ranking government officials have greater duties and time constraints than other witnesses." Id. (internal citations omitted).  "[W]ithout appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." Id. (internal citations omitted).  The limitation is not absolute.  Depositions may be permitted where the official has first-hand knowledge related to the underlying facts in a particular case.  Id.  Even in such cases, however, the requesting party must show that the information sought from the high ranking official is not obtainable elsewhere. Id.

Here, there is no dispute that Commissioner Cox and Mayor Wu are high-ranking officials.  As to relevance, neither official was in office at the time of the protests that form the basis of this case.  While Plaintiffs are correct that events which took place after the incident may be relevant, they certainly have not shown that here with respect to Mayor Wu.  The Plaintiffs state only that "Mayor Wu was involved in attempts to reform the BPD as a member of the City Council.  She, too, should be questioned about the blue wall or code of silence." Docket No. 99 at 4.  They simply have failed to allege any personal knowledge by Mayor Wu about the facts of this case, including the relevant policies of the City of Boston.  The reference to her attempts to reform the BPD as a council member is simply too vague to find her testimony relevant.

With respect to Commissioner Cox, Plaintiffs have also not shown relevance at this time.

3

Plaintiffs allege that Commissioner Cox oversees the Internal Affairs Department, which has two pending investigations involving Plaintiffs' allegations on May 31, 2020. Id. at 3. Plaintiffs make no claims that Commissioner Cox has personal knowledge about such investigations at this time. Nor have they shown that information about the investigations is not obtainable elsewhere. For all these reasons, this Court grants the Defendants' request for a protective order with respect to the depositions of Commissioner Cox and Mayor Wu.

With respect to the number of depositions, this Court has carefully considered the arguments presented by both sides and finds that the right balance is struck by allowing Plaintiffs' three more depositions. Accordingly, this Court grants Defendants' motion for a protective order and grants in part Plaintiffs' motion to the extent it authorizes Plaintiffs to take twenty-three depositions.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge