UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE HUFFMAN, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF BOSTON, et al., ) <br> ) <br> Defendants. ) | Civil Action No. 21-10986-ADB |

ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
[Docket No. 78]

December 19, 2023

Boal, M.J.

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, Defendants City of Boston, Michael Burke, Edward Nolan, and Michael McManus (collectively "Defendants") have moved for a protective order with respect to testimony from former Mayor Kim Janey. Docket No. 78.[1] For the following reasons, I deny Defendants' motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 31, 2020, following the murder of George Floyd, numerous individuals, including plaintiffs Jasmine Huffman, Justin Ackers, Caitlyn Hall, and Benjamin Chambers-Maher (collectively "Plaintiffs"), protested on Boston Common. Docket No. 15 ¶ 1. Plaintiffs allege, inter alia, that during and after their peaceful protest, Boston police officers, including defendants Burke, Nolan, and McManus, subjected them to unreasonable and excessive force

---

[1] On November 16, 2023, Judge Burroughs referred the motion to the undersigned. Docket No. 80.

1

because of the content of the protest. Id. ¶¶ 2-3, 130.

With respect to their Monell claim, Plaintiffs allege that the City condones a code of silence. This "blue wall," Plaintiffs allege, was part of the City's customs and policies for decades. Id. ¶¶ 112, 120.  As a result, the City had a custom of not investigating or disciplining police misconduct and officers were deterred from reporting misconduct by fellow officers through threat of retaliation. Id. ¶¶ 111, 115, 135.   To bolster their claim, the Plaintiffs offer examples of past confirmed occasions where BPD failed to investigate or discipline police misconduct, though those incidents did not involve use of force against protesters.  Id. at ¶¶ 111-13.  Specifically, on May 14, 2021, then acting Mayor of Boston, Janey stated, in reference to an investigation into Police Commissioner Dennis White, that a retired officer confirmed that "a blue wall of silence" existed with respect that investigation. Id. at  ¶ 114; 84-2 at 1.

On November 16, 2023, Defendants filed the instant motion. Docket No. 78. Plaintiffs filed an opposition on November 21, 2023, and Defendants filed a reply on December 4, 2023. Docket Nos. 83, 94. This Court heard oral argument on December 13, 2023.

II. STANDARD OF REVIEW

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2010) (citing United States ex rel. Schwartz v. TRW, Inc., 211 F.R.D. 388, 392 (C.D. Cal. 2002)). To that end, Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A Rule 45 subpoena is subject to Rule 26(b)'s restrictions. Miller v. Allstate Fire & Cas. Ins. Co., No. 07-260, 2009 WL 700142, at *2 (W.D. Pa. Mar. 17, 2009) (citation omitted). Thus, the information sought by a Rule 45 subpoena must

be: (1) not privileged; (2) relevant to the claim or defense of any party; and (3) proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)'s overriding relevance requirement." EEOC v. Texas Roadhouse, Inc., 303 F.R.D. 1, 2 (D. Mass. 2014). The burden of establishing the relevance of the requested information is on the subpoenaing party. Viscito v. Nat'l Plan. Corp., No. CV 3:18-30132-MGM, 2020 WL 4274721 at *2 (D. Mass. July 24, 2020).

Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co v. Rhinehart, 467 U.S. 20, 36 (1984).

III.   DISCUSSION

Plaintiffs seek to depose Janey regarding her reported comments about a "blue wall" or "code of silence." Docket No. 83 at 2-3. Given the nature of this custom, Plaintiffs argue that it is rare for any official to publicly comment on the code of silence. For this reason, Janey's comments stand out.

Defendants argue that it is improper to depose Janey because she was mayor after the protest and her comments pertain to events that predated the protest. Docket No. 79 at 4-5. However, it is the Plaintiffs' theory that the pervasive code of silence permeated the police department both before, during, and after the protest. Accordingly, her testimony is relevant to that theory.

Defendants also argue that the deposition would be burdensome.[2] However, Plaintiffs have offered to conduct the deposition remotely and limited to ninety minutes. Docket No. 83 at 2.  In addition, this Court will restrict the deposition to one hour. Accordingly, the deposition will not be unduly burdensome.

IV.   ORDER

For the foregoing reasons, I deny Defendants' motion for a protective order. Plaintiffs may depose Janey for not more than one hour. At Ms. Janey's discretion, the deposition may occur in person or remotely.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[2] Defendants cite to multiple cases holding that a more stringent standard applies when determining whether a high-ranking public official should be deposed. Docket No. 79 at 3-4. However, Janey is no longer a public official. Accordingly, that standard does not apply here. Defendants also argue that high-ranking officials should not be deposed on various comments that they make while in office.  For that reason, this Court notes that this decision should not be construed as providing carte blanche for the deposition of former high-ranking officials.  Rather, this Court authorized the deposition based on the singular facts of this case.