UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASMINE HUFFMAN, JUSTIN ACKERS, CAITLYN HALL, and BENJAMIN CHAMBERS-MAHER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BOSTON, and MICHAEL BURKE, EDWARD JOSEPH NOLAN, and MICHAEL J. MCMANUS, in their individual capacities,<br><br>Defendants. | Civil Action No. 21-cv-10986-ADB |

# ORDER

Presently before the Court are Defendant City of Boston (the "City") and Lieutenant James Conley's objections, [ECF No. 120], to Judge Boal's order granting Plaintiffs' motion to compel Lt. Conley's testimony regarding communications he made at a Critical Incident Stress Debriefing ("CISD") in the summer of 2020, [ECF No. 109 (the "Order")]. The City and Lt. Conley assert that Judge Boal "committed an error of law by concluding that Lt. Conley's communications at the Critical Incident Stress Debriefing are not privileged," [ECF No. 120 at 6]; "[s]pecifically, [that Judge Boal] . . . erred by ruling that Defendants did not demonstrate that Massachusetts courts would recognize such a privilege" and that "this Court should recognize the Massachusetts privileges because they are 'intrinsically meritorious.'" [Id. (quoting Order at 6)].

"A district judge may reconsider a non-dispositive pretrial ruling of a magistrate judge, on a timely objection, only 'where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.'" Green v. Cosby, 160 F. Supp. 3d 431, 433 (D. Mass. 2016) (first

1

quoting 28 U.S.C. § 636(b)(1)(A); and then quoting Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.")). "[R]espect for this standard is important, given the pivotal role that magistrate judges play in overseeing the conduct of the sort of complex pretrial discovery typified by this case." Ferring Pharms. Inc. v. Braintree Lab'ys, Inc., 168 F. Supp. 3d 355, 358 (D. Mass. 2016) (quoting Gargiulo v. Baystate Health Inc., 279 F.R.D. 62, 64 (D. Mass. 2012)).

> Under the "clearly erroneous" prong, the court will accept the magistrate judge's "findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [the court] 'form[s] a strong, unyielding belief that a mistake has been made.'" Under the "contrary to law" prong, the court reviews pure questions of law de novo. "Mixed questions of law and fact 'invoke a sliding standard of review,' with 'more fact intensive . . . question[s]' receiving 'more deferential . . . review' and 'more law intensive . . . question[s]' receiving less deference."

Green v. Cosby, 160 F. Supp. 3d 431, 433 (D. Mass. 2016) (first quoting Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999) (quoting Cumpiano v. Banco Santander P.R., 902 F.2d 148, 152 (1st Cir. 1990)); then quoting PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010); and then quoting Neelon v. Krueger, No. 12-cv-11198, 2015 WL 1037992, at *2 (D. Mass. Mar. 10, 2015) (quoting In re IDC Clambakes, Inc., 727 F.3d 58, 64 (1st Cir. 2013))).

"[A] party is entitled to discover 'any nonprivileged matter that is relevant to any party's claim or defense.'" Salem v. Stoneham Police Dep't, 662 F. Supp. 3d 41, 43 (D. Mass. 2023) (emphasis omitted) (citing Fed. R. Civ. P. 26(b)(1)). Because "[t]his is a federal question case, . . . federal common law controls with regard to evidentiary privileges." Degrandis v. Children's Hosp. Bos., 203 F. Supp. 3d 193, 196 (D. Mass. 2016) (citing Fed. R. Evid. 501 ("privileges 'shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'")). "[T]he burden to establish an

applicable privilege rests with the party [or parties] resisting discovery." F.D.I.C. v. Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000) (citation omitted).  Privileges "are not lightly created nor expansively construed, for they are in derogation of the search for truth." United States v. Nixon, 418 U.S. 683, 710 (1974).

      The City and Lt. Conley argue that Massachusetts General laws chapter 233, § 20O, captioned "Crisis intervention services for emergency service provider; confidentiality of information," creates a statutory privilege for communications associated with these services that would be recognized by Massachusetts courts.  [ECF No. 120 at 6–7].  Likewise, according to the City and Lt. Conley, this privilege is "intrinsically meritorious" and therefore this Court should also recognize it.  See [id. at 5 ("In determining whether a state evidentiary privilege should be recognized in the federal common law, the court must address two questions: 1) whether Massachusetts would recognize such a privilege; and 2) whether the privilege is 'intrinsically meritorious.'" United States v. Mass. Gen. Hosp. Inc., 498 F. Supp. 3d 186, 190 (D. Mass. 2020) (citing In re Hampers, 651 F.2d 19, 22 (1st Cir. 1981)))].  As Judge Boal noted, federal courts have found that they may recognize state evidence privileges, as a matter of federal common law, when doing so "can be accomplished at no substantial cost to federal procedural and substantive policy."  [Order at 6 (quoting Ali v. Long Creek Youth Dev. Ctr., No. 18-cv-00109, 2019 WL 302488, at *4 (D. Me. Jan. 21, 2019) (citing Green v. Fulton, 157 F.R.D. 136, 139 (D. Me. 1994)))].

      That said, the Supreme Court has stated that it is "especially reluctant to recognize a privilege in an area where it appears that Congress has considered the relevant competing concerns but has not provided the privilege itself[,] . . . [since] [t]he balancing of conflicting interests of this type is particularly a legislative function." Univ. of Pa. v. E.E.O.C., 493 U.S.

182, 189 (1990) (citations omitted).  According to the City and Lt. Conley, there is a federal statute, 34 U.S.C. § 50901 (2021) ("Confidentiality of Peer Support Communications"), that similar to § 20O, "prohibits the disclosure of the contents of communications made at a peer support counseling session involving federal law enforcement officers."  [ECF No. 120 at 6–7]. Yet, as Plaintiffs point out, the plain language of § 50901 allows for the disclosure of such information if "a court of competent jurisdiction issues an order or subpoena requiring the disclosure of the peer support communication."  34 U.S.C. § 50901(c)(3); [ECF No. 125 at 5–6]. This express exception to confidentiality in the federal statute suggests that Congress has evaluated the competing interests for and against, and found that they weigh against the establishment of a privilege in this context.  See In re Admin. Subpoena Blue Cross Blue Shield of Mass., Inc., 400 F. Supp. 2d 386, 390–91 (D. Mass. 2005); Univ. of Pa., 493 U.S. at 189.  The Court sees no reason to reach a different result.  As Judge Boal explained, "there is undoubtedly good that inures to society and the individual officers from group debriefing sessions."  [Order at 7].  Nevertheless, "the injury that would inure to the [relationship between the facilitators of these sessions and officers who participate] by the disclosure of the communications," does not outweigh the important federal interest in the full and fair litigation of alleged civil rights violations.  Mass. Gen. Hosp., Inc., 498 F. Supp. 3d at 190 (quoting In re Hampers, 651 F.2d at 22).

The City and Lt. Conley's objections, [ECF No. 120], to Judge Boal's Order are therefore OVERRULED.

SO ORDERED.

February 22, 2024                                              /s/ Allison D. Burroughs
                                                               ALLISON D. BURROUGHS
                                                               U.S. DISTRICT JUDGE